RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE __6_/_28_/_11___
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BILLY CEZAR                          DOCKET NO.11-cv-548; SEC. P
    Alien No. 091-940-902

VERSUS                               JUDGE DEE D. DRELL

JANET NAPOLITANO, ET AL.             MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) by pro se Petitioner Billy Cezar. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the LaSalle Detention Center in Trout, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

Petitioner is a citizen of Haiti who became subject to a final order of removal on November 9, 2010. [Doc. #1, p.3] Petitioner claims that, despite his cooperation, DHS/ICE has been unable to remove him; and, he has remained in custody pending such removal for a period in excess of six months.

By statute, the Attorney General has ninety days to effect an alien's departure from the United States once the "removal period" is triggered. 8 U.S.C. §1231; Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006), cert. denied, 549 U.S. 1132 (2007). Aliens

may be detained during the ninety-day removal period. 8 U.S.C. §1231(a)(2). An alien may be detained *beyond* this period under certain circumstances. For example, if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal, the removal period is suspended or tolled, and his continued detention is authorized. 8 U.S.C. § 1231(a)(1)(C); see Balogun v. INS, 9 F.3d 347, 351 (5th Cir. 1993). Aliens slated for removal who pose a risk to the community or are unlikely to comply with the removal order may be detained beyond the removal period for a time necessary to bring about their removal from the United States under 8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that the United States Constitution does not permit indefinite detention **lasting beyond six months past the ninety-day removal period**. After the expiration of those six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. The alien bears the burden of proof in showing that no such likelihood of removal exists. Id. Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." Id. Not every alien in custody will be entitled to automatic release after the expiration of the six-month period

2

under the scheme announced in Zadvydas. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In this case, according to Plaintiff, the ninety-day removal period was triggered on November 9, 2010, when Petitioner's order of removal became final. See 8 U.S.C. § 1231(a)(1)(B)(ii). The removal period apparently expired ninety days later on or about February 9, 2011. Petitioner's petition was signed on March 24, 2011 and was filed on April 5, 2011. It is apparent that, at the time of filing, Petitioner had not been in custody more than six months past the expiration of the ninety-day removal period, or six months past February 9, 2011.

Because the habeas motion is premature, Petitioner fails to state a claim for which relief can be granted. See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002)(finding that the six-month period must have expired at the time the §2241 petition was filed in order to state a claim under Zadvydas); Okpuju v. Ridge, 115 Fed. App'x 302, 2004 WL 2943629 (5th Cir. 2004)(noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in Zadvydas), cert. denied, 544 U.S. 1066 (2005). Accordingly, the petition must be dismissed without prejudice as

3

premature.

Therefore, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DISMISSED WITHOUT PREJUDICE AS PREMATURE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this 28th day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4